IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Waycross Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number 06-50775 |
| DANNY CLAY CHANEY | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| GENERAL MOTORS ACCEPTANCE CORPORATION, | ) ) ) | |
| | ) | |
| Objecting Creditor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANNY CLAY CHENEY, | ) | |
| Debtor, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| M. ELAINA MASSEY, | ) | |
| Chapter 13 Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER ON OBJECTION TO CONFIRMATION

General Motors Acceptance Corporation ("GMAC") objects to confirmation in the above-captioned Chapter 13 case. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

GMAC contends its claim is fully secured and under 11 U.S.C. § 1325, modification of the claim using 11 U.S.C. § 506

AO 72A
(Rev. 8/82)

is not available to the debtor. Because the claim fails to satisfy the requirements of 11 U.S.C. § 1325 (a)(*), GMAC's objection to confirmation is **overruled.**

After holding a hearing on the issue, the Court finds the following:

### Facts

Danny Chaney ("Debtor") filed this Chapter 13 case on October 2, 2006. Five months prior, he purchased a 2006 Chevrolet Tahoe ("Truck"). As part of the purchase, Debtor traded in two vehicles adding almost $20,000.00 of negative equity to the price of the Truck and financed the entire amount through GMAC.

GMAC filed a $47,501.36 proof of claim. Debtor submitted a Chapter 13 plan under which he proposed to retain possession of the Truck, bifurcate GMAC's claim to $28,625.00 secured (the value of the Truck), and the remaining $19,575.00 balance as a general unsecured claim pursuant to 11 U.S.C. § 506.[1]

---

[1] 11 U.S.C. § 506 (a)(1) in pertinent part provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount amount subject to setoff, as

2

GMAC objected to confirmation, contending that its claim is covered by 11 U.S.C. § 1325, which precludes the use of § 506 to modify certain secured claims.

Through unrebutted testimony at hearing, Debtor established that the Truck was purchased for the use of his non-debtor spouse; the purchase was to reduce their monthly car payments; and he owns and primarily uses a 1999 Toyota truck.

## Discussion

Before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") a debtor choosing to keep and pay for a motor vehicle through his Chapter 13 plan could use 11 U.S.C. § 506 to reduce a secured creditor's claim to the actual value of the collateral and treat the remaining loan balance as a general unsecured claim.

---

> the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

3

With the enactment of BAPCPA, Congress added the following language to § 1325 in an unnumbered paragraph:

> For purposes of [§ 1325 (a)(5)], section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle ... *acquired for the personal use of the debtor*.

11 U.S.C. § 1325 (a)(*)(emphasis added). Due to its unusual placement in the Bankruptcy Code, courts have come to refer to it as the "hanging paragraph." In effect, the hanging paragraph limits a debtor's ability to cram down a claim secured by a motor vehicle "acquired for the personal use of the debtor" within the 910 days preceding the filing of the petition. 11 U.S.C. § 1325(a)(*).

Both parties agree the Truck was purchased within the 910-day time period covered by the hanging paragraph, Debtor was the only party to the sales contract, and Debtor is sole owner listed on the certificate of title. GMAC asserts that Debtor should pay the entire amount of the loan with interest because its claim meets all the criteria set out by the hanging paragraph, including the requirement that the collateral was "acquired for the personal use of the debtor." 11 U.S.C. § 1325(a)(*). As evidence that Debtor purchased the

4

Truck for his personal use, GMAC points to the fact that the sales contract and the certificate of title both list Debtor as sole owner. Debtor argues that he is allowed to use § 506 to modify GMAC's claim because the Truck was purchased for the use of his non-debtor wife and is therefore not subject to § 1325(a)(*).

Determining what constitutes "acquired for the personal use of the debtor" in the context of the hanging paragraph is a matter of statutory interpretation. The court in In re Jackson, 338 B.R. 923 (Bankr. M.D. Ga. 2006), interpreted the "acquired for the personal use of the debtor" language and held that for the anti-cram down provision of the hanging paragraph to apply, the motor vehicle "must have been acquired for the use of a *particular person-[d]ebtor*." In re Jackson, 338 B.R. 923 (Bankr. M.D. Ga. 2006)(emphasis added); see also In re Davis, 2006 WL 3613319 (Bankr. M.D. Ala. 2006)(holding the hanging paragraph does not apply when non-debtor spouse traded in his car and had primary use of 910 vehicle even though debtor and non-debtor spouse were co-makers on the note and co-owners on certificate of title); In re Finnegan, 2006 WL 3883847 (Bankr. M.D. Pa. 2006)(holding the hanging paragraph does not apply and allowing for bifurcation of 910 claim where evidence was presented that only debtor signed the sales contract, was only name listed on the title, and debtor

5

testified that she purchased vehicle for use by non-debtor spouse's business, because the relevant inquiry is "for whose use and for what purpose was the vehicle purchased?"); compare In re Wilson, 2006 WL 3512921 (Bankr. D. Kan. 2006)(adopting the significant and material test to determine whether vehicle was acquired for "personal use of debtor"); In re Lewis, 347 B.R. 769 (Bankr. D. Kan. 2006)(holding that the hanging paragraph does not apply to 910 vehicle purchased by debtor for the use of an independent adult child not living with the debtor; however, suggesting but not deciding that the court might disagree with the holding in Jackson so that "personal use of debtor" might be expanded to include a 910 vehicle acquired for non-debtor spouse).

There are no relevant facts that distinguish this case from Jackson. In Jackson, the debtor purchased the vehicle as a replacement vehicle for his non-debtor spouse; both the debtor and non-debtor spouse had separate vehicles; and the debtor was the sole purchaser on the sales contract and sole owner listed on the title. The creditor in Jackson argued that its claim was not subject to modification under § 506 because "personal use of the debtor" was added by Congress to distinguish between a motor vehicle acquired for personal as opposed to business use, and therefore should be interpreted broadly to include use by the debtor's household and family.

6

Furthermore, the creditor argued that the debtor acknowledged he was purchasing the vehicle for his personal use by signing the sales contract that contained language stating the car was purchased for "personal, family, or household use." Jackson, 338 B.R. at 925.

In rejecting the creditor's arguments, the Jackson court found the language "acquired for the use of the debtor" to be "unquestionably" clear, dictating the statute be applied as written. Id. The court, premising its decision on the dictionary definition of "personal," held the creditor's claim was not eligible for special treatment under the hanging paragraph because the vehicle was purchased for the use of debtor's non-debtor spouse.[2]

The court concluded that Congress intended to exclude family and household use from the "personal use" requirement. Focusing on the omission of "family and household use" from the hanging paragraph, the Jackson opinion noted the use of the phrase "personal, family or household use" multiple times in other parts of the Bankruptcy Code and stated that "it is generally presumed that Congress acts intentionally and purposefully when it includes particular language in one

---

[2] Jackson noted that "'[p]ersonal' is defined as '[o]f or relating to a particular person; private.'" In re Jackson, 338 B.R. 923 (Bankr. M.D. Ga. 2006)(quoting American Heritage Dictionary of the English Language (4th ed. 2000)).

7

section of a statute but omits it in another." Jackson, 338 B.R. at 925 (quoting BFP v. Resolution Trust Corp., 511 U.S. 531 (1994)).

The Jackson court also found the sales contract inconclusive as to the debtor's intent in acquiring the vehicle because the terms "family" and "household" as used in the contract expressly contemplated the possibility that the vehicle was purchased for someone other than the debtor, a scenario that directly contradicted the creditor's argument. Jackson, 338 B.R. at 925.

I agree with the Jackson court that the plain language of the statute controls. In this case, in order for the hanging paragraph of § 1325 to apply, GMAC's claim must be a purchase money security interest, the debt must have been incurred within the 910 days prior to the bankruptcy filing, and the vehicle must have been purchased for the personal use of the "particular person-debtor." Jackson, 338 B.R. at 926.

Just as I decline to add to "personal" the terms "family or household," I also decline to add the term "borrower" to debtor requiring that the hanging paragraph applies only if the debtor-borrower acquired the vehicle for the borrower's personal use. I disagree with the analysis in In re Press, 2006 WL 2734335 (Bankr. S.D. Fla. 2006). The Press court concluded that the hanging paragraph does not apply to joint

8

Chapter 13 debtors, when debtor-husband was the only individual indebted to the 910 vehicle creditor because the vehicle was acquired for the primary use of debtor-wife and absent substantive consolidation in a jointly filed bankruptcy petition the estates of husband and wife remain separate and distinct. In <u>Press</u> the vehicle was acquired for the personal use of the debtor, the spouse and co-debtor in the case. All the criteria of the hanging paragraph were met.

While GMAC's claim is a purchase money security interest in a vehicle and the debt was incurred five months prior to Debtor's bankruptcy filing, it fails to satisfy the last statutory requirement, because Debtor established by a preponderance of the evidence that the vehicle was not purchased for the Debtor's personal use. Debtor established that the Truck was purchased for the use of his non-debtor wife; it replaced two cars that were traded in, one of which was primarily used by his non-debtor wife; and Debtor primarily uses another vehicle. Based upon the foregoing, GMAC's claim is not covered by the anti-cram down provision of the hanging paragraph in § 1325; consequently, Debtor is allowed to modify GMAC's claim pursuant to § 506.

### Order

It is therefore ORDERED that GMAC's objection to

9

confirmation is **OVERRULED**;

it is further ORDERED that GMAC's claim is allowed as secured to the extent of the fair market value of the Truck, $28,625.00, and unsecured as to the balance, $19,575.00. An order of confirmation shall issue in accordance with this memorandum.

JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE

Dated at Brunswick, Georgia
this 7th day of February, 2007.

10